**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: § § | |
| COPSYNC, INC. § § | CASE NO.: 17-12625 |
| Debtor § § | CHAPTER 11 |
| § § | SECTION "B" |
| § § § | Judge Jerry A. Brown |

**FINDINGS AND FACT REGARDING THE ORDER CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF LIQUIDATION IMMATERIALLY MODIFIED AS OF SEPTEMBER 13, 2018 PURSUANT TO FED. R. BANKR. P. 3019**

This matter came before the Court[1] on September 17, 2018 at 2:00 p.m. (the "Confirmation Hearing") to consider approval of the Debtor's Third Amended Plan of Liquidation as Immaterially Modified on September 13, 2018, [D.E. 322] (the "Plan"), pursuant to Fed. R. Bankr. P. 3019 and, the Court further considering that:

A.  On June 25, 2018 the Court entered an order [D.E. 270], approving the Debtor's Second Amended Disclosure Statement [D.E 261] filed on June 21, 2018, in connection with the Debtor's Second Amended Plan of Liquidation [D.E. 262], authorizing the Debtor to solicit acceptances and rejections of the Second Amended Plan of Reorganization pursuant to 11 U.S.C. § 1125 and establishing the content of the ballots and schedule for the same.

B.  On July 6, 2018, the Debtor filed a certificate of service [D.E. 276] verifying that the Debtor's Second Amended Plan of Liquidation, Debtor's Second Amended Disclosure Statement, a ballot conforming to Official Form No. 314, and a copy of the Court's order approving the Debtor's Second Amended Disclosure Statement, was transmitted by mail in compliance with the Bankruptcy Rules, by Debtor's counsel, to the creditors and other parties in

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Plan.

interest, and to the United States Trustee as provided by Rule 3017(d) of the Federal Rules of Bankruptcy Procedure.

C. The original hearing on confirmation of the Plan was set for August 3, 2018. After communications with the creditors, and working on resolutions to objections, on July 25, 2018, Kologik, LLC, Kologik Capital, LLC (collectively, the "Kologik Parties"), and the Debtor filed a Joint *Ex Parte* Motion for (I) Continuance of Confirmation Hearing and Associated Deadlines; and (II) Extension of Exclusivity to Coincide with Rescheduled Confirmation Date [D.E. 286] requesting a continuance of the confirmation hearing.

D. On July 27, 2018, this Court entered the Order Continuing Confirmation Hearing, Resetting Deadlines, and Extending Exclusivity [D.E. 288] ("Confirmation Extension Order"), continuing the confirmation hearing until September 17, 2018 and extending the deadline for submission of ballots and for filing objections to the Plan to September 10, 2018.

E. On August 31, 2018, pursuant to 11 U.S.C. § 1127, the Debtor filed its Third Amended Plan of Liquidation [D.E. 297], modifying the Plan to account for exit financing sought by the Debtor.

F. In connection with the Plan, on August 31, 2018, Debtor filed Debtor's Ex Parte Motion to (I) Establish Deadline for Creditors and Equity Interest Holders to Change Their Ballots to Accept or Reject the Third Amended Plan; (II) Confirm September 10, 2018 as the Deadline for Creditors and Equity Interest Holders to Submit Ballots; (III) Reduce Time of Service of Notice Under Rule 2002(a)(5) of the Federal Rules of Bankruptcy Procedure; and (IV) Establish Ballot Correction Procedures [D.E. 298].

G. On September 4, 2018, the Court entered the Order Granting Debtor's *Ex Parte* Motion of the Debtor, COPsync, Inc. ("COPsync" and/or "Debtor") to (I) Establish Deadline for

Creditors and Equity Interest Holders to Change Their Ballots to Accept or Reject the Third Amended Plan; (II) Confirm September 10, 2018 as the Deadline for Creditors and Equity Interest Holders to Submit Ballots; (III) Reduce Time of Service of Notice Under Rule 2002(a)(5) of the Federal Rules of Bankruptcy Procedure; and (IV) Establish Ballot Correction Procedures. ("Deadline Order") (D.E. 299).

H. On September 13, 2018, the Debtor filed the Plan, to include more specific information on its Plan Exit Financing, including specifically identifying Kologik, LLC ("Kologik") as the Plan Exit Lender.

I. On September 14, 2018, the Debtor and Kologik filed a Joint Motion for Order (I) Authorizing and Approving Post-Petition Secured Exit Financing; (II) Granting Liens; and (III) for related relief the ("Motion for Exit Financing")[D.E. 325] setting forth the salient terms of the Debtor's Plan Exit Financing, including the ability of the Debtor, and after confirmation the Liquidation Trustee, to borrow funds to pay administrative expenses, pay more to priority claimants, and fund the Liquidation Trust, as well as the establishment of Kologik's security interest in:

(i) Any and all claims and causes of action possessed by the Debtor against any third party, including but not limited to claims and causes of action arising under chapter 5 of title 11, United States Code. With regard to any claims and causes of action against any former or present officer or director of the Debtor, and any direct action claim against any insurer thereof, the lien to be provided herein shall be subordinate to any lien held by any attorney duly employed to prosecute and pursue such claim and/or cause of action.

(ii) The 8% Class C Membership Interests in Kologik, LLC owned by the Debtor.

J. On September 12, 2018, the Debtor filed a tabulation of the acceptances and rejections of the Plan, and then on September 14, 2018 filed an Amended Tabulation which

3

showed, *inter alia,* creditors in Class 1, Class 3, Class 4, and equity interest holders in Class 6A voted to accept the plan, no creditor in Class 2 submitted a ballot, and that the equity interest holders in Classes 5 and 6B voted to reject the Plan.

K. Only one objection was filed with the Court, from Comal County, Texas, and it was withdrawn on September 13, 2018. *See Withdrawal of Objection to the Debtor's Third Amended Plan of Liquidation* [D.E. 321].

L. In connection with confirmation of the Plan, the Court reviewed: (i) the Debtor's Memorandum in Support of Confirmation of the Third Amended Plan of Liquidation of the U.S. Bankruptcy Code Immaterially Modified as of September 13, 2018 [D.E. 326] (the "Confirmation Memorandum") and the accompanying sworn declaration of Danielle Pellegrin in support of confirmation of the Plan, and its exhibits (the "Confirmation Declaration"), (ii) the Amended Ballot Compilation of the Debtor's Third Amended Plan of Liquidation of the U.S. Bankruptcy Code Immaterially Modified as of September 13, 2018 [D.E. 323] (the "Ballot Tabulation"), (iii) the Liquidation Trust Agreement, and (iv) the entire record of the Chapter 11 Case. The Court has taken judicial notice of all papers filed and all orders entered in the Debtor's Chapter 11 Case. The Court has also considered the arguments and proffers of evidence from counsel for the Debtor. The proffers of evidence and Confirmation Declaration were admitted into evidence without objection from any party in interest.

M. Based upon the Plan, the Confirmation Memorandum, the Confirmation Declaration, the additional proffers of evidence in the Ballot Tabulation, the Liquidation Trust Agreement, the representations and arguments of counsel at the Confirmation Hearing, the record of the Chapter 11 Case, and the record of the Confirmation Hearing, all of which are incorporated herein by reference as if fully stated in this Confirmation Order, the Court

determines that the Plan satisfies the applicable provisions of the Bankruptcy Code and should be confirmed. Based upon the forgoing,

**IT IS DETERMINED, FOUND, AND CONCLUDED, AS FOLLOWS**[2]:

1. <u>Defined Terms</u>. Unless otherwise defined in this Confirmation Order, each capitalized term used in this Confirmation Order shall have the definition ascribed to such term in the Plan. If a capitalized term is not defined in the Confirmation Order or the Plan, then it has the meaning ascribed to such term in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, then the terms of this Confirmation Order shall govern.

2. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this Chapter 11 Case and the subject matter of the Confirmation Hearing pursuant to 28 U.S.C. §§ 157 and 1334. The Confirmation Hearing is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court has jurisdiction to enter a final order with respect thereto as the matters before this Court derive from and are decided under Section 1129 of Title 11 U.S.C. Venue of this Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including all pleadings and other documents filed and orders entered thereon. The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of the Chapter 11 Case.

---

[2] The findings of fact and conclusions of law contained herein constitute the findings of fact and conclusions of law required to be entered by the Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7052 and 9014 of the Bankruptcy Rules. To the extent necessary, a finding of fact shall be considered a conclusion of law and a conclusion of law shall be considered a finding of fact.

4. <u>Resolution of Objections</u>. All objections presented at the Confirmation Hearing (the "<u>Objections</u>"), if any, concerning confirmation of the Plan that were not resolved by agreement of the parties at the Confirmation Hearing are hereby overruled. No creditor or party in interest objected to the Confirmation Declaration or the Ballot Tabulation. Accordingly, the Court accepts the evidence and results of the voting on the Plan as set forth in the Confirmation Declaration and the Confirmation Report.

5. <u>Notice</u>. In accordance with the Order Approving Second Amended Disclosure Statement, and Fixing Time for Filing Acceptances or Rejections of the Second Amended Plan of Liquidation With Notice of Hearing [D.E. 270] (the "Disclosure Order"), Confirmation Extension Order, and Deadline Order, Debtor timely transmitted notice of the date, time and place for the Confirmation Hearing, the deadlines for filing objections to confirmation of the Plan, and all bar dates included in the Disclosure Order on all known creditors, holders of equity interests ("Equity Interests"), counterparties to executory contracts, affected parties and parties in interest. Any party in interest required to receive notice of the Confirmation Hearing and associated deadlines has received due, proper and adequate notice thereof and had sufficient opportunity to appear and be heard at the Confirmation Hearing. Further, the Plan, Disclosure Statement and ballots for voting on the Plan were served in compliance with the Disclosure Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court and all other applicable laws, rules and regulations. No further notice is or shall be required.

6. <u>Solicitation and Voting Procedures</u>. The Plan Proponents were authorized to solicit votes on the Plan pursuant to the Disclosure Order. All procedures used to distribute ballots and other solicitation materials and the methods in which ballots were tabulated were fair,

properly conducted, in good faith, and in accordance with the Disclosure Order, the Bankruptcy Code, the Bankruptcy Rules and the local rules of the Court.

7. <u>Balloting Results</u>. As evidenced by the Ballot Tabulation, at least two-thirds in dollar amount and more than half in number of the holders of Class 1, Class 3, Class 4, and Class 6A Claims who voted on the Plan accepted it. Further, with no creditor returning a ballot in Class 2, Class 2 is deemed to have accepted the Plan.

8. <u>Plan Modification</u>. All modifications to the Plan approved at the Confirmation Hearing or by this Confirmation Order, as well as the immaterial modifications to the Third Amended Plan of Liquidation [D.E. 297] as set forth in the Third Amended Plan of Liquidation Immaterially Modified as of September 13, 2018 [D.E. 322] are either (i) immaterial and do not adversely affect the treatment of any Claim against or Equity Interest in the Debtor under the Plan, or (ii) the adversely affected parties have consented to the applicable modifications. Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, the modifications do not require additional disclosure under section 1125 of the Bankruptcy Code, re-solicitation of votes under 1126 of the Bankruptcy Code, or that holders of Claims be afforded an opportunity to change previous votes accepting or rejecting the Plan. The Plan, as modified by any amendments shall constitute the Plan submitted for confirmation by the Court and all holders of Claims who voted to accept the Plan are deemed to have accepted the Plan as modified.

9. <u>Proper Classification of Claims (11 U.S.C. §§ 1122(a) and 1123(a)(1))</u>. Except for unclassified Administrative Expense Claims, Priority Tax Claims, United States Trustee Fees, and Plan Exit Lender Claim, the Plan classifies four Classes of Claims and three Classes of Equity Interests. The Claims placed in each Class are substantially similar to other Claims in

7

each Class. Valid business, factual and legal reasons exist for separately classifying the Classes of Claims and Equity Interests created under the Plan and the classifications were not made for any improper purpose and do not unfairly discriminate between or among holders of Claims and Equity Interests. The Plan satisfies the requirements of sections 1122(a) and 1123(a)(1) of the Bankruptcy Code.

10. Specification of Treatment of Impaired Class (11 U.S.C. § 1123(a)(3)). The Plan specifies the treatment of Class 1, Class 2, Class 3, Class 4, Class 5, Class 6A, and Class 6B Claims that are impaired by the Plan; therefore, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

11. No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment for each Claim in a particular Class unless a claimant has agreed to less favorable treatment of such Claim; therefore, the Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

12. Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan provides adequate means for its implementation; therefore, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

13. Equity Securities (11 U.S.C. § 1123(a)(6)). The Plan provides that, after the Effective Date, the Debtor will no longer operate; therefore, the Plan satisfies the requirements of section 1123(a)6) of the Bankruptcy Code.

14. Designation of Officers and Directors (11 U.S.C. § 1123(a)(7)). The Plan provides that, after the Effective Date, the Debtor will no longer operate; therefore, the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

15. <u>Impairment or Unimpairment of Claims and Modification of Rights of Secured Claims (11 U.S.C. §§ 1123(b)(1) and (5))</u>. The Plan impairs or leaves unimpaired each Class of Claims; therefore, it satisfies the requirements of sections 1123(b)(1) and (5) of the Bankruptcy Code.

16. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>. The Plan provides for the assumption or rejection of executory contracts and unexpired leases on the Effective Date to which the Debtor is a party, unless such contracts or leases (i) were previously rejected by the Debtor, (ii) previously expired or terminated pursuant to their own terms, (iii) are the subject of a motion to assume filed on or before the date the Plan is confirmed (the "Confirmation Date"), or (iv) are set forth in any Plan supplement, as an executory contract or unexpired lease to be assumed. Therefore, the Plan satisfies the requirements of section 1123(b)(2) of the Bankruptcy Code.

17. <u>Compliance With Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with all applicable provisions of the Bankruptcy Code including, without limitation, sections 1122 and 1123, and Bankruptcy Rules 3016(a) and (c); therefore, the Plan satisfies the requirements of section 1129(a)(1) of the Bankruptcy Code.

18. <u>Debtor's Compliance With Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor complied with all applicable provisions of the Bankruptcy Code including, without limitation, sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Order and all other applicable laws, rules, and regulations. Therefore, the Plan and the Debtor meet the requirements of section 1129(a)(2) of the Bankruptcy Code.

19. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor and its respective officers, directors, agents, attorneys, and other representatives (i) have acted in good

faith in negotiating, formulating and proposing the Plan and agreements, compromises, settlements, transactions and transfers contemplated thereby, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions and transfers contemplated thereby and (b) take the actions authorized and directed or contemplated by this Confirmation Order. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. The Plan was proposed with the legitimate and honest purpose of liquidating the Debtor's assets for the benefit of Creditors and distributing proceeds from such liquidation to the Debtor's Creditors holding Allowed Claims and Equity Interest Holders with Allowed Equity Interests in the Debtor. Given the foregoing, the Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code. The terms of the Plan and the Liquidation Trust Agreement set forth the orderly liquidation of the Debtor, and prosecution of the Debtor's assets, that will benefit Creditors and Equity Interest Holders.

20. <u>Payment of Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor or the Liquidation Trustee under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by or is subject to approval of the Court as reasonable. Therefore, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code

21. <u>Disclosure of Identities of Officers, Directors and Insiders (11 U.S.C. § 1129(a)(5))</u>. Section 1125(a)(5) of the Bankruptcy Code deals with the disclosure of the Bankruptcy Code the identity of any insider that will be retained by the Debtor, and the nature of their compensation. As the Debtor will no longer operate after the effective date, and as the

Liquidation Trust will not employ any insider of the Debtor, section 1125(a)(5) of the Bankruptcy Code is inapplicable.

22. <u>No Rate Change (11 U.S.C. § 1129(a)(6))</u>. Section 1126(a)(6) of the Bankruptcy Code requires that any government regulatory commission having jurisdiction over the rates charged by a reorganized debtor in the operation of a business approve any rate change provided for in a plan. This section is inapplicable because there will be no reorganized debtor after the Confirmation Date.

23. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The evidence proffered at the Confirmation Hearing without objection, including the Confirmation Declaration: (i) are persuasive and credible; (ii) have not been controverted by other evidence; and (iii) establish that each holder of an impaired Claim or Equity Interest either (a) has accepted the Plan, or (b) will receive, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

24. <u>Plan Acceptance (11 U.S.C. § 1129(a)(8))</u>. The Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code with respect to Classes 1, 2[3], 3, 4, and 6B have accepted the Plan. More than half in number and more than two-thirds of the amount of each of the respective Class 1, 3, 4, and 6B Claims entitled to vote, voted in favor of accepting the Plan. Notwithstanding that the Plan does not satisfy section 1129(a)(8) with respect to Class 5 and 6B, the Plan is confirmable because it satisfies the cramdown requirements under section 1129(b) with respect to Class 5 and Class 6B.

---

[3] No creditor submitted ballots in Class 2, and thus Class 2 is deemed to have accepted the Plan.

25. <u>Treatment of Administrative Expense Claims, Priority Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code since, except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, it provides that Allowed Administrative Expense Claims will be fully paid after the Effective Date; Allowed Class 1 Claims have agreed to different claim treatment; and Allowed Priority Tax Claims will be fully paid in regular cash installments over five years in accordance with the applicable provisions of sections 1129(A), (B) or (C) of the Bankruptcy Code.

26. <u>Acceptance By At Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>. The Plan satisfies the requirements of section 1129(a)(10) because Classes 1, 3, 4, and 6A, which are impaired under the Plan, have voted to accept the Plan, determined without including any acceptance of the Plan by any insider holding a Claim.

27. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code because the evidence presented shows that liquidation is the purpose of the Plan.

28. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. The Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code since it provides that all amounts due under 28 U.S.C. § 1930 shall be paid prior to or on the Effective Date of the Plan.

29. <u>Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. Section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan because the Debtor is not a party to any retiree benefit plans and is not otherwise obligated to pay retiree benefits.

30. <u>Transfers (11 U.S.C. § 1129(a)(16))</u>. The Plan satisfies the requirements of section 1129(a)(16), because all transfers of property are being made in accordance with any

applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

31. <u>Cramdown (11 U.S.C. § 1129(b))</u>. Notwithstanding the satisfaction of the applicable requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8), the Court finds that, with respect to any impaired Class, including Class 5 and Class 6B, regardless of acceptance by such Class, the Plan does not discriminate unfairly and is fair and equitable with respect to each such Class.

32. <u>No Other Plan (11 U.S.C. § 1129(c))</u>. No other plan of liquidation has been solicited for acceptance in the Chapter 11 Case.

33. <u>Avoidance of Taxes or Application of Securities Laws (11 U.S.C. § 1129(d))</u>. As evidenced by the terms of the Plan and the Confirmation Declaration, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. Consequently, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

34. <u>Exculpation, Injunction, Bar Order and Releases</u>. The exculpation, injunction, bar order and release provisions set forth in Article 11.4, 11.6, and 11.7 of the Plan: (i) are within the jurisdiction of this Court under 28 U.S.C. §§ 1334; (ii) are each an essential means of implementing the Plan pursuant to section 1123(b) of the Bankruptcy Code; (iii) confer material benefits on, and are thus in the best interests of, the Debtor's Estate; and (iv) are, in the facts and circumstances of this Chapter 11 Case, consistent with and permitted pursuant to sections 105, 1123, 1129 and all other applicable provisions of the Bankruptcy Code.

35. <u>Solicitation and Tabulation of Acceptances</u>. As evidenced by the Ballot Tabulation, the solicitation and tabulation of acceptances of Plan was accomplished in a proper,

fair and lawful manner consistent with the Bankruptcy Code, and the Plan has been duly accepted by all holders of Claims whose acceptance is required in accordance with the provisions of 1126(c) of the Bankruptcy Code.

36. <u>Plan Transfers</u>. All transfers of real or personal property by the Debtor are transfers under the Plan and, therefore, are free from the imposition of taxes of the kind specified in section 1146 of the Bankruptcy Code. All transfers of property of the Debtor's Estate shall be free and clear of all liens, encumbrances and other interests, except for liens for *ad valorem* real estate and personal property taxes, which shall become the obligation of the transferee(s), and except for the liens established by the Plan Exit Financing.

37. <u>Good Faith of the Debtor</u>. The Debtor and its members, officers, directors, agents, financial advisors, attorneys, employees, partners, affiliates, and representatives have acted in good faith in negotiating the Plan and agreements, compromises, settlements, transactions and transfers contemplated by the Plan. The Debtor and/or its successors or assigns will be acting in good faith in proceeding to (i) consummate the Plan and agreements, compromises, settlements, transactions and transfers contemplated thereby, and (ii) take the actions authorized and directed or contemplated by this Confirmation Order.

38. <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over the matters set forth in Article XIII of the Plan.

39. *Compromise and Settlement*. In consideration of the Distributions and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan. All Plan Distributions made to Creditors holding Allowed Claims in any Class are intended to be and shall be deemed a final satisfaction of such Allowed Claims.

New Orleans, Louisiana, September 21, 2018.

*J. A. Brown*
Hon. Jerry A. Brown
U.S. Bankruptcy Judge